Dear Mr. Diasselliss:
I am in receipt of your request for an attorney general's opinion concerning the following:
 1. Can a school board member have access to an employee's personnel file to review the file to see if any disciplinary action has been taken against an employee and if so, what disciplinary action was taken?
 2. Can the Superintendent verbally advise a school board member of disciplinary action taken against an employee?
LSA-R.S. 17:1237 pertains to "access to files" for school employees. It states:
 A. No school employee shall be denied access to his personnel file. The contents of a school employee's personnel file shall not be divulged to third parties absent the express written consent of the school employee, except when ordered by a court or by subpoena, and no school system employee other than the personnel file custodian or the superintendent of schools for the system, or the designee of either who shall be a school system employee shall be allowed access to a school employee's personnel file without the school employee's express written consent, unless that employee is charged with the duty of supervising that particular school employee's performance. In the case that a personnel file should be accessed by the superintendent or someone designated by him, the employee whose file was so accessed shall receive written notice of the fact and the name and title of the person who was permitted access. All persons permitted access under this Section shall maintain the confidentiality of those documents in the file which are not matters of public record.
 B. Any school employee requesting to see his personnel file shall be given access to his entire personnel file, except for any portion of the file maintained at his specific work site, at a single location and within a reasonable time for making the request. Such an employee shall be given access to any portion of his personnel file maintained at his work site, at such site and at any reasonable time.
 "Third party" is defined in LSA-R.S. 17:1233(5) as:
 "Third party" means any person or entity not regularly employed or employed under a contract by the school system in which the school employee is employed.
In Attorney General Opinion No. 90-193, our office issued an opinion regarding the effect of LSA-R.S. 17:1231 et seq. (The School Employee Personnel Files Act) on the Public Records Act (LSA-R.S. 44:1 et seq.) Our office addressed the issue-at-hand in that opinion. Our office opined the following:
 This section prohibits disclosure to third parties absent the express written consent of the school employee, except by court order or subpoena. Only three people are authorized to access the file absent written consent. They are:
 1. the personnel file custodian,
 2. the superintendent of schools for the system.
 3. the designee of either #1 or #2 who must also be a school system employee.
 School board members are not school system employees and, unless a member was a system employee, they are excluded from access to the personnel files except by consent of the employee, court order or subpoena.
 Our office concluded that:
 The (Act) limits access to the files to situations where the employee has consented in writing and the other exceptions. Board members are "third parties" under the (Act) and their access is limited as above. Board members formerly had access to non-public items covered by La. R.S. 17:391.5. Those items are still non-public and Board members access is limited to the situations covered by R.S. 17:1237. In any case, where the personnel file is accessed, the employee shall receive written notice.
Since Attorney General Opinion No. 90-193 was released, LSA-R.S. 17:81 was amended in 1993, adding Section K. LSA-R.S.17:81 states the following in pertinent part concerning the general powers of a city and parish school board:
 K.(1) Notwithstanding any other provision of law or rule or regulation to the contrary, any city or parish school board member and any other person authorized pursuant to written policy of a city or parish school board shall have the right to examine any or all records of the school system except school employee records relative to evaluations, observations, formal complaints, and grievances.
 (2) Notwithstanding any other provision of law or rule or regulation to the contrary, any city or parish school board, upon a majority vote of the authorized board membership, shall have the right to examine any or all records of the school system.
 (3) Should an employee's personnel file be accessed by the city or parish school board, the employee whose file was so accessed shall receive written notice of such action, and the individual city or parish school board members shall maintain the confidentiality of any documents in the file so examined.
Therefore, it is no longer the opinion of our office that school board members are to be excluded from access to the personnel files of school employees. Attorney General Opinion No. 90-193 is withdrawn only in respect to excluding school board members from access to the personnel files of school employees.
In answer to your first question, provided LSA-R.S. 17:81
is complied with, a school board member can access an employee's personnel file to review the file to see if any disciplinary action has been taken against an employee and if so, what action was taken. In response to your second question, provided LSA-R.S.17:81 is complied with, a superintendent can verbally advise a school board member of disciplinary action taken against an employee.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc